UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| MICHEAL SPECHT, TRENT BOE, | * | CIV. 08-4124 |
| MARK DONELAN, BOB DYKSTRA, | * | |
| MARK EGGER; ROCKY FOSTER, | * | |
| JAMES HAIAR, JON KOLBA, | * | |
| BO MORTENSEN, WADE MULDER, | * | |
| JIM POWERS, NATHAN RUML, | * | |
| JASON SCHIEBOUT, SCOTT SCHILTZ, | * | OPINION AND ORDER |
| GRANT VAN RIESEN, and BOB VOSBURG, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| -vs- | * | |
| | * | |
| THE CITY OF SIOUX FALLS, | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending is the Motion for Summary Judgment of the City of Sioux Falls (Doc. 20). This case is for trial to the court without a jury. Also pending is the City's Motion to Strike (Doc. 46). The ultimate issue to be decided is whether the hours the firefighters were fighting wildfires in western South Dakota in 2006 should be combined with their regular duty hours for the purpose of calculating overtime under the Fair Labor Standards Act. The specific issue is the City's affirmative defense that the firefighters were exempt from the Fair Labor Standards Act. 29 U.S.C. §207(p)(1) establishes a special detail exemption so that hours worked on special detail are not combined with the regular hours for calculating overtime compensation.

## JURISDICTION

Jurisdiction is pursuant to 28 U.S.C. § 1331 and the Fair Labor Standards Act, 29 U.S.C. § 207. The parties consented to have the U.S. Magistrate Judge preside pursuant to 28 U.S.C. §636(c).

## FACTS

Plaintiffs are firefighters employed by the City of Sioux Falls in the Fire Rescue Department (SFFR). During July and August of 2006, all of the Plaintiffs were deployed to assist in fighting wildfires. In July of 2006, Ricky Larsen, who was the Chief of SFFR received a call from the South Dakota state fire dispatch requesting assistance in battling wildfires. There was a list of SFFR firefighters who were wildland firefighter certified. Each firefighter has the right to accept or deny when offered an opportunity at deployment. Reimbursements to the City by the State for the firefighters' compensation were made pursuant to a contract between the City and the State.[1] The normal schedule called for the firefighters to work 204 hours during a 27 day pay period. Typically a firefighter's deployment for wildland firefighting is not more than 14 days. There was a concern that deployed firefighters would be paid less than if they had stayed in Sioux Falls and worked the normal 204 hours work schedule. SFFR agreed to pay the difference between 204 hours and the hours actually worked during a 27 day period in which a firefighter was deployed if a firefighter's hours during the 27 day period totaled less than 204.

## CLAIMS OF THE PARTIES

**Plaintiffs.**

Plaintiff Specht inquired about recording work times and was told it was not necessary to call in times on a daily basis because the firefighters would be credited for their full 24 hour normal shifts. Further, the firefighters needed only to complete SFFR timesheets for hours actually worked

---

[1]The City did not sign the contract until September 13, 2006, after the deployment. The contract provided it became effective before the deployment on the first day of May, 2006. There is no dispute between the parties arising from this circumstance.

during their normal off-shift days. Specht noticed on August 18, 2006, when he received his paycheck that he had been paid for 59.5 hours of overtime, but he knew that he had worked 141.5 hours extra beyond his regular shifts, i.e. he had been shorted 82 hours of overtime compensation. It turned out that the time sheet he turned in, together with the hours automatically recorded by the computer software for normal shift time, had been changed at the direction of the deputy fire chief. A handwritten note on the time sheet says "Mike hit his 204 plus overtime so remove these hours to reduce OT." The other plaintiffs received similar underpayments of overtime.

Plaintiffs claim the Fair Labor Standards Act (FLSA) requires employers to pay their employees for all time spent working on their behalf. 29 U.S.C. §§ 206 & 207. They claim they were on a greater than 24 hour shift and that 29 CFR § 553.220(a) controls. They claim time spent on firefighting pursuits and under severe restrictions is compensable under 29 CFR § 553.221(b) and (c). They also claim 29 CFR § 553.222(c) provides sleep time is compensable.

**Defendants**.

Defendant City asserts that plaintiff Specht is not entitled to more overtime than the $2,001.19 which was paid. The City acknowledges the following note was written on Specht's time card: "Hours were added to insure 204 hours in 27 day cycle -Mike Hit his 204 + overtime so remove these hours to reduce O.T." [2] The City claims it is in compliance with the FLSA regarding all plaintiffs. The City acknowledges that plaintiffs have correctly quoted sections of the Code of Federal Regulations (CFR), but assert that other regulations, statutes, and case law govern. Among other affirmative defenses, the City asserts that the special detail provision under 29 U.S.C. §

[2]Another $521.32 was paid as overtime on September 1, 2006.

207(p)(1) applies.  This statute provides that hours worked on special detail shall be excluded in the calculation of overtime.

## FAIR LABOR STANDARDS ACT

### 29 U.S.C. § 207(p)(1).

Judge Royal Furgeson, W.D. Texas, provided the following background about the FLSA:

> Congress passed the FLSA in 1938 during the New Deal era on a finding that there were widespread labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers. Congress sought to correct and as rapidly as practicable to eliminate these conditions, and accordingly included in FLSA several key rules, such as minimum wage requirements and child labor restrictions, that employers had to observe in structuring their employment relationships.

> One of these rules was the overtime pay requirement.  This rule set forth the following general mandate: No employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.  This general mandate was qualified by several exceptions, known as "exemptions," but it remained the overarching principle.

> The overtime pay requirement remains in force today, and it is the basis for the Officers' lawsuit here.

*Jackson v. City of San Antonio*, 2006WL2548545 (W.D.Tex. 2006)(footnotes and internal quotations and punctuation omitted).

### § 207(p)(1) Special Detail Exemption.

29 U.S.C. § 207(p)(1) provides:

If an individual who is employed by a State, political subdivision of a State, or an interstate governmental agency in fire protection or law enforcement activities (including activities of security personnel in correctional institutions) and who, solely at such individual's option, agrees to be employed on a special detail by a separate or independent employer in fire protection, law enforcement, or related activities, the hours such individual was employed by such separate and independent

employer shall be excluded by the public agency employing such individual in the calculation of the hours for which the employee is entitled to overtime compensation under this section if the public agency—

    (A)    requires that its employees engaged in fire protection, law enforcement, or security activities be hired by a separate and independent employer to perform the special detail,

    (B)    facilitates the employment of such employees by a separate and independent employer, or

    (C)    otherwise affects the condition of employment of such employees by a separate and independent employer.

**Code of Federal Regulations.**

29 C.F.R. § 553.227 provides:

(a)    Section 7(p)(1) makes special provision for fire protection and law enforcement employees of public agencies who, at their own option, perform special duty work in fire protection, law enforcement or related activities for a separate and independent employer (public or private) during their off-duty hours. The hours of work for the separate and independent employer are not combined with the hours worked for the primary public agency employer for purposes of overtime compensation.

(b)    Section 7(p)(1) applies to such outside employment provided (1) The special detail work is performed solely at the employee's option, and (2) the two employers are in fact separate and independent.

(c)    Whether two employers are, in fact, separate and independent can only be determined on a case-by-case basis.

(d)    The primary employer may facilitate the employment or affect the conditions of employment of such employees. For example, a police department may maintain a roster of officers who wish to perform such work. The department may also select the officers for special details from a list of those wishing to participate, negotiate their pay, and retain a fee for administrative expenses. The department may require that the separate and independent employer pay the fee for such services directly to the department, and establish procedures for the officers to receive their pay for the special details through the agency's payroll system. Finally, the department may require that the officers observe their normal standards of conduct during such details and take disciplinary action against those who fail to do so.

(e)     Section 7(p)(1) applies to special details even where a State law or local ordinance requires that such work be performed and that only law enforcement or fire protection employees of a public agency in the same jurisdiction perform the work. For example, a city ordinance may require the presence of city police officers at a convention center during concerts or sports events. If the officers perform such work at their own option, the hours of work need not be combined with the hours of work for their primary employer in computing overtime compensation.

(f)     The principles in paragraphs (d) and (e) of this section with respect to special details of public agency fire protection and law enforcement employees under section 7(p)(1) are exceptions to the usual rules on joint employment set forth in part 791 of this title.

(g)     Where an employee is directed by the public agency to perform work for a second employer, section 7(p)(1) does not apply. Thus, assignments of police officers outside of their normal work hours to perform crowd control at a parade, where the assignments are not solely at the option of the officers, would not qualify as special details subject to this exception. This would be true even if the parade organizers reimburse the public agency for providing such services.

(h)     Section 7(p)(1) does not prevent a public agency from prohibiting or restricting outside employment by its employees.

**Department of Labor Letter Rulings.**

This § 207(p)(1) exemption has been addressed in two opinion letter rulings issued by the United States Department of Labor on November 19, 1992 and in a third opinion letter ruling issued December 31, 2007. Ginsburg et al., *Fair Labor Standards Handbook*, App. III, pp. 186-87 & 457-58 (1998). In the second 1992 opinion letter the Department of Labor opined that county sheriff's deputies who are employed by a village to perform law enforcement services for the village under a proposed contract between the county and the village fall under § 207(p)(1) so that the hours worked by the deputies for both employers are not combined for FLSA overtime compensation purposes. "Section 207(p)(1) applies to such outside employment provided (1) the special detail work is performed solely at the employee's option, and (2) the two employers are in fact separate and independent." The Department of Labor cited 29 C.F.R. § 553.227.

In contrast, the first November 19, 1992, opinion letter opined that § 207(p)(1) did not apply to a paramedic who worked for a county's emergency medical services department and who also worked as a part time communications supervisor in the county's sheriff department so that the hours worked in both county departments should be combined for overtime purposes. The departments were not separate and independent employers. The employee worked for a single employer, the county, in different departments. These two opinion letters illustrate the principle of § 207(p)(1) which is described as follows in the first letter ruling:

> Section 7(p)(1) makes special provision for fire protection and law enforcement employees who, at their own option, perform activities for a *separate and independent* (emphasis in original) employer (public or private) during their off-duty hours. The hours of work for the separate and independent employer are not combined with the hours worked for the primary public agency employer for the purposes fo overtime compensation. See § 553.227 of the regulations.

*Id.*

In the 2007 opinion letter the Department of Labor opined that the city police department and a non-profit group which operates the city convention center are separate and independent employers so that § 207(p)(1) applies when police officers perform security duties at the convention center during their off hours. "[I]t is our opinion that the City Police Department would not be obligated to include the hours worked by police officers on special assignment to the Authority in calculating and paying overtime due them."

The language of 29 U.S.C. § 207(p)(1), 29 C.F.R. § 553.227, and the Department of Labor is plain, i.e. if the firefighter has the option to accept or reject the assignment and if the second employer is a separate and independent employer, then the primary employer does not count the hours the firefighter spends on the special detail for the second employer in the calculation to determine the firefighter's entitlement to overtime.

**Case Precedent.**

Case precedent is consistent with these legal principles. *Jackson v. City of San Antonio*, 2006 WL 2548545, *4-*7, (W.D. Tex. 2006) (Section 7(p)(1) special duty exemption bars police officers' overtime claims against the City for hours worked for separate and independent employers during off duty hours); *Nolan v. City of Chicago*, 125 F.Supp. 2d 324, 335-339, (N.C. Ill. 2000) (Section 7(p)(1) sets forth a two part test: if the assignment is solely at the employees option and the employers are in fact separate and independent the special detail exemption applies and the hours worked for the separate employer are not combined for purposes of assessing overtime compensation); *Cox v. Town of Puughkeepsie*, 209 F.Supp.2d 319, 324-327 ((S.D. N.Y 2002) (Section 7(p)(1) does not apply to voluntary work performed by police officers because the town and the town police department are a single employer); *Baltimore County FOP Lodge 4 v. Baltimore County*, 565 F.Supp.2d 672, 676-679, ( D. Maryland 2008) (Section 7(p)(1) special detail exemption cannot be decided as a matter of law on summary judgment motion because there are questions of fact to be resolved by a jury on both the voluntary and separate employer prongs); *Murphy v. Town of Natick*, 515 F.Supp.2d 153, 157-158, (D. Mass 2007) (Section 7(p)(1) special detail exemption does not apply because the Town is not a separate and independent entity from any of its constituent departments); *Barajas v. Unified Government of Wyandotte County/Kansas City, Kansas*, 87 F.Supp.2d 1201, 1205-1209, (D.Kansas 2000) (Section 7(p)(1) special detail exemption cannot be decided as a matter of law even though parties agree the assignments are solely at the employees option because there are questions of fact about the Unified Government and the Housing Authority as separate and independent employers).

# ANALYSIS

## Standard of Review

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *Johnson v. Ready Mixed Concrete Co.,* 424 F.3d 806, 810 (8th Cir. 2005). All reasonable inferences, without resort to speculation, are drawn in favor of the non-moving party. *Id., citing Hitt v. Harsco Corp*., 356 F.3d 920, 923-24 (8th Cir.2004).

## Solely at the Firefighter's Own Option.[3]

Specht described the procedure for calling the list for volunteers ( Doc. 24, Ex. 13, Specht depo. p. 63-64):

> . . . [Y]ou have to go to the first person on the list that has the fewest number of hours. . . .  I will use SF 29 as an example . . . ; under "Remarks," it says, "No answer." . . . . [T]hey can leave an answer (sic) on the answering machine, and they must wait a minimum of – I believe it's five minutes– before they can call the next person so that that person could look at their messages and call in and say: "**Yes, I want to work.**" **"No, I don't.**" . . . . By contract and by policy, **you can either accept the overtime or reject it**, unless they declare an emergency.  Or, once they've been all the way through the list, then they can call– if they get a hold of you the second time, then they can require you to take the overtime.  (emphasis added).

Specht also testified that all the firefighters who responded in 2006 were accepting the offered "overtime."  Whether it is called volunteering or called overtime, the firefighters accepted.  They had the option to say, "no, I won't go," or "yes" on the first time the list was called.  Plaintiff argues that the wildfire fighting deployment was not voluntary because the firefighter could be assigned

---

[3]During argument at the February 1, 2010, hearing counsel for the City referred to Miles deposition testimony at pages 20 and 31.  Those pages are not in the record furnished to the court.

to go on deployment if there were not enough who accepted the first time the list was called. This argument is academic and not relevant. There were enough firefighters who accepted the first time the list was called. None of these plaintiffs was assigned to accept the deployment against his will. The list was not called a second time. The notes on the calling sheets reflect that several said "yes" to this wildfire fighting deployment and several said "no" (Doc. 36). There were ten "yes." There were ten "no." There were seven who said "after a certain date."

The plaintiffs were on this wildland fire fighting project solely at their own option. The first prong of the section 7(p)(1) special detail test existed.

### Separate and Independent Employer.

The other employer is the State. It cannot reasonably be argued or concluded that the City and the State are the same employer.[4] The Department of Labor and the case law have identified the factors to test for separate and independent employers:

(1)  whether the employers have separate payroll/personnel systems;

(2)  whether the employers have separate retirement systems;

(3)  whether the employers have separate budgets and funding authorities;

(4)  whether the employers are separate legal entities with the power to sue and to be sued;

(5)  whether the employers dealt with each other at arms length concerning the employment of any individuals in question;

(6)  how they are treated under state law;

---

[4]Plaintiff's counsel acknowledged the State and the City are separate governmental entities during argument at the hearing.

(7)     whether one employer controls the appointment of the officers of the other entity.

Department of Labor Letter Ruling: December 31, 2007; *Jackson,* 2006 WL 2548545 at *5.

The responses to these questions are so obvious there is little or nothing in the record about them. Judicial notice is taken of the facts not in the record, but which are nonetheless relevant to the evaluation of these factors. *Federal Rules of Evidence* 201(b), (c) & (f). It is known that under state law the State has its own payroll, personnel, and retirement system. It is known that under city ordinance the City has its own payroll, personnel, and retirement system. The State and the City have separate budgets and different funding sources. (Both rely significantly on sales taxes— the State sales tax is 4% and the City sales tax is 2%. A purchaser in Sioux Falls pays a total of 6%, but the 6% is the total of two separate tax levies.) The State and the City are separate legal entities. Both have the power to sue and be sued, e.g. this lawsuit where the City is a defendant and the State is not a party. The State and the City dealt at arms length— see the written contract between them formed and filed under State statute, SDCL 1-24. The City and the State are treated as separate entities under state law. Neither the State nor the City control the appointment of officers of the other.

The City and the State are separate and independent employers. The second prong of the section 7(p)(1) special detail test existed.

**During Off Duty Hours.**

The usual scenario for the application of 7(p)(1) is when the fireman or policeman works for a second employer during off duty hours, e.g. at a concert or a sporting event. The Code of Federal Regulations and the Department of Labor letter rulings use the words "during their off duty hours."

The present plaintiffs are not in that situation because they are geographically so far from their home duty station that they cannot return home after a duty shift. Consequently, at the remote locations they work both the equivalent of their normal duty shift and the equivalent of their normal off duty hours. Since the present firefighters work both their normal on duty hours and their normal off duty hours at a remote location fighting wildfires, the use of the words "off duty hours" in the Code of Federal Regulations raises an issue about the applicability of the special detail exemption to the plaintiffs. The question is answered by 29 U.S.C. § 207(p)(1) itself. The statute does not limit the special detail exemption to off duty hours. The statute provides that a firefighter employed by a city "in fire protection . . . who, solely at the firefighter's option agrees to be employed on a special detail by a separate or independent employer in fire protection . . . *the hours such individual was employed by such separate and independent employer shall be excluded by the public agency employing such individual in the calculation of the hours for which the employee is entitled to overtime compensation. . . ."* (emphasis added) The statute which created the special detail exemption did not limit the special detail exemption to off duty hours. The statute plainly says the hours employed by the separate and independent employer shall be excluded when calculating overtime compensation

Under the FLSA the second employer must pay overtime if the employee works more than 40 hours during a workweek and some exemption does not apply. 29 U.S.C. § 207(a)(1). To illustrate, if the firefighter works three 16 hour days fighting a wildfire during a workweek, then the second employer pays overtime, i.e. 48 hours worked compared to 40 hours equals 8 hours overtime. The way it works is this: if FLSA overtime is worked on the special wildfire fighting detail, the State pays the FLSA overtime. If a firefighter's special detail hours and other, normal hours in Sioux

Falls added together during a 27 day work cycle total fewer than 204 hours, the City pays the difference so the firefighter is assured at least 204 hours for the pay cycle in which a wildfire fighting deployment occurs. The special detail hours are not combined with the normal shift hours to calculate overtime compensation per 29 U.S.C. § 207(p)(1).

## CONCLUSION AND ORDER

Because the firefighters were on this firefighting detail solely at their own option, and because the State and the City are separate and independent employers, the special detail exemption recognized by 29 U.S.C. § 207(p)(1) of the Fair Labor Standards Act applies. Under this statute the hours of work for the separate and independent employer (the State) are not combined with the hours worked for the primary public agency employer (the City) for purposes of overtime compensation. There are no genuine issues about material facts. The City is entitled to judgment in its favor as a matter of law. It is not necessary to address the other issues raised by the parties. It is

ORDERED that the City's motion for summary judgment (Doc. 20) is GRANTED.

It is FURTHER ORDERED that the City's Motion to Strike (Doc. 46) is DENIED as moot.

It is FURTHER ORDERED that only the following issue remains to be resolved at trial: the hours, if any, for which plaintiffs were not paid. Plaintiffs' counsel shall submit a pretrial statement not later than April 5, 2010, itemizing the claims of the respective plaintiffs. Defense counsel shall submit a response not later than April 26, 2010. Both submissions should address (1) whether the claim is against the State for underpayment for regular time actually worked but not paid or for overtime not paid, or (2) whether the claim is against the City for regular time actually worked but not paid. If against the State, counsel should also address whether the issue can be resolved in the

absence of the State as a party.    If plaintiffs have no further claims counsel shall advise the Court on or before March 15, 2010, so judgment may be entered.

Dated this 26th day of February, 2010.

BY THE COURT:

s/John E. Simko

_____

John E. Simko
United States Magistrate Judge